### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DON-ANDERSON PARRIS** <br> 10101 Seaview Avenue <br> Brooklyn, NY 11236 | : <br> : <br> : | CIVIL ACTION |
| Plaintiff | : : | |
| vs. | : : | |
| **NATIONAL RAILROAD PASSENGER** <br> **CORPORATION (AMTRAK)** | : : : | JURY TRIAL DEMANDED |
| Defendant | : | NO. |

### COMPLAINT

1. The plaintiff herein is Don-Anderson Parris, a citizen and resident of the State of New York, residing therein at 10101 Seaview Avenue, Brooklyn, New York 11236.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen, contractors, subconractors, and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a trackman and a driver.

8. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen, contractors, subcontractors, and/or employees.

9. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries; has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, contractors, subcontractors, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about January 25, 2025 at approximately 5:00 p.m., plaintiff was working as a driver and had been also assigned to provide roadway worker protection for Amtrak subcontractors who were marking and pulling or placing wires during track replacement work at the defendant's Sunnyside Yard.

12. On that date, and at that time, plaintiff was in the process of going into the employee locker room at the East Side Access trailers located within defendant's Sunnyside Yard in Queens, New York.

13. On the aforementioned date, and at the aforementioned time, plaintiff had proceeded up several metal steps and was stepping onto a metal platform at the top of the stairs leading into the trailer.

14. As the plaintiff stepped onto the metal platform, the entire platform collapsed due to a lack of maintenance and a weld which did not hold causing the plaintiff to sustain the severe and permanent injuries described below.

15. As a result of the negligence of the defendant, its agents, servants, contractors, subcontractors, workmen, and/or employees, including, but not limited to, failing to properly inspect, maintain and repair the subject steps and platform, failing to properly construct and install the subject stairs and platform, failing to select qualified and suitable contractors and subcontractors to install, inspect, maintain and repair the subject steps and platform, failing to draft and implement a Job Safety Analysis for the assigned task; and failing to warn the plaintiff of the aforementioned dangerous conditions; the plaintiff sustained the serious, painful and permanent injuries described below.

16.   The aforesaid incident was caused by the negligence of the defendant, its agents, servants, workmen, contractors, subcontractors, and/or employees, and by the defendant's violation of the Federal Employers' Liability Act and associated federal statutes and/or regulations and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

17.   As a result of the aforesaid incident, plaintiff sustained serious and permanent injuries to his right shoulder, right knee and low back including, but not limited to, multi-level lumbar disc herniations, annular disc fissures with nerve root impingement and lumbar radiculopathy; partial thickness tear of the rotator cuff of the right shoulder with tendonitis, subdeltoid bursitis and labral tear of the right shoulder, and partial thickness tear of the anterior cruciate ligament of the right knee with joint effusion. Some or all of the plaintiff's injuries may be permanent in nature and may require multiple surgeries; the first of which took place on January 6, 2026. The full extent of the plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

Dated: January 7, 2026          BY:  _Michael Olley_
MICHAEL J. OLLEY, ESQUIRE
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Facsimile: 610-667-3352
Attorney for Plaintiff Don-Anderson Parris

4